**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GEORGE J. CHAPMAN,

Plaintiff-Appellant,

v.

DAVID HILPERT; et al.,

Defendants-Appellees.

No.     13-36151

D.C. No. 2:12-cv-05116-JPH

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding

Argued and Submitted February 8, 2017
Seattle, Washington

Before:  FISHER, PAEZ, and CALLAHAN, Circuit Judges.

George Chapman filed a lawsuit under 42 U.S.C. § 1983 against David

Hilpert and others ("Defendants") who are officials of the Washington State

Department of Corrections ("DOC") facility where Chapman is incarcerated.  On

the recommendation of the magistrate judge, the district court granted summary

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

judgment to Defendants. Chapman appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We review a district court's grant of summary judgment de novo. *Grenning v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014). We view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in its favor. *Id.* Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

**2.** After his then-wife discovered that Chapman was sexually assaulting their two daughters, Chapman was arrested and pled guilty to three counts of First Degree Rape of a Child. As part of his sentence, Chapman was prohibited from contacting his daughters either directly or "through a third party." As a result of separate civil proceedings, Chapman was also prohibited from contacting his ex-wife and son. These civil no-contact orders were later lifted, however.

Following an administrative hearing, Defendants imposed additional no-contact orders between Chapman and his ex-wife and son pursuant to DOC regulations. Defendants cited Chapman's attempts to use his ex-wife to contact his daughters as a reason for the orders. Chapman alleges that these administrative no-contact orders violate his First Amendment rights, as well as his substantive and

procedural due process rights. He contends that he has raised a genuine issue of material fact whether he contacted his daughters through his ex-wife, thereby precluding summary judgment. He further argues that Defendants were required to provide him with the evidence they relied on to impose the no-contact orders prior to his administrative hearing. We disagree.

**3.** Defendants have offered a legitimate penological reason for the no-contact orders: enforcing Chapman's sentence. *Turner v. Safley*, 482 U.S. 78, 89 (1987). While prison officials must provide evidence that the reason proffered for restricting an inmate's rights is, in fact, their actual reason for the restriction, *see Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir. 1990), Defendants have done so here. And Chapman's attempt to raise a genuine issue of material fact on his substantive claims fails, as it relates only to whether Defendant Hilpert had access to Chapman's phone calls and does not call into question the other evidence in the record. *See Frost v. Symington*, 197 F.3d 348, 354–57 (9th Cir. 1999).

**4.** Although a closer question, Chapman's procedural due process claim likewise fails. Defendants notified Chapman of the hearing to consider no-contact orders, informed him of the basis of the orders, and gave him the opportunity to be heard by prison officials. Chapman argues that these procedures were insufficient because he was not allowed to review the transcript of one phone call that

3

Defendants relied upon to initiate the no-contact orders. Assuming such a transcript exists, the opportunity to review it would not have added much value, significantly decreased the risk of an erroneous deprivation of his liberty interests, or altered our analysis of the personal and governmental interests at stake. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). On balance, in light of the entire record, we cannot conclude that the procedures Defendants employed were constitutionally deficient.

In sum, the DOC's no-contact orders, as applied, do not violate Chapman's substantive or procedural due process rights. Notwithstanding pro bono counsel's excellent representation, Chapman has neither presented a material issue of fact to sufficiently undermine Defendants' stated penological objective nor demonstrated that he did not receive all the process that was due.

**AFFIRMED**.

Defendants' motion to supplement the record is **DENIED** as moot.